IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mitchell Sumpter,<br>a/k/a Mitchell Lee Sumpter;<br><br>    Plaintiff,<br><br>vs.<br><br>Georgetown County Detention Center; A. Lane Cribb, Sheriff of Georgetown County; Michael A. Schwartz, Administrator; Southern Health Partners; Head Nurse Connie; Nurse Dorean; Dr. Reeves;  Capt. Wineglass; All Captains; All Lieutenants; All Sergeants; All Corporals; All Staff; Myrtle Beach Grand Strand Hospital; Doctor Davison, all in individual and official capacities,<br><br>    Defendants.<br>_____ | C/A No. 8:14-106-JFA-JDA<br><br><br>REPORT AND RECOMMENDATION<br><br>*for disposition of the Motion*<br><br>*for Injunction and Restraining Order* |

  Mitchell Sumpter ("Plaintiff"), proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. [Doc. 1.]  This action is not in proper form, and Plaintiff has until March 3, 2014, to submit the required documents.  [Doc. 7.]  The undersigned has not determined yet whether service of process should be authorized on Defendants.  On February 14, 2014, Plaintiff filed an Emergency Motion Pursuant to Rule 65(a) and (b) and Rule 35(a) [Doc. 9], which is construed as seeking a temporary restraining order ("TRO") without notice to the adverse party.  This matter is before this Court on the Emergency Motion seeking a TRO.[1]

  Plaintiff's hand-written Motion for TRO seems to request that he be given medical care to alleviate his suffering. [Doc. 9 at 1–2.]  Specifically, he requests this Court to direct

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Motion for TRO and submit findings and recommendations to the district judge.

an injunction, restraining order, and physical examination. *Id.* He alleges that he has been detained at the Georgetown County Detention Center ("GCDC") since November 29, 2013, and that upon his arrival he had broken or fractured bones or joints including ribs, knees, elbows, fingers, and lower back. *Id.* He alleges he suffers physical pain all day and night and that he is being denied medical care. *Id.* Further, he alleges he has "been seen by the nurses and doctor here at G.C.D.C. [but] they refuse to treat me and allow me to suffer." *Id.* He also alleges he has been threatened by other prisoners, and he was moved from a bottom bunk to the floor of another pod among prisoners who "may" attack him causing him to fear for his life. *Id.* He alleges he reported his fear of being attacked. *Id.*

Plaintiff's Motion for TRO should be denied for several reasons. First, Plaintiff did not comply with Fed. R. Civ. P. 65(b)(1) by providing specific facts in an affidavit or a verified complaint to clearly show that immediate and irreparable injury will result to him before the Defendants can be heard in opposition. Further, he cannot satisfy the "attorney certification" requirement for a temporary restraining order required under Rule 65(b)(1)(B) because Plaintiff is not an attorney admitted to practice before this Court.

Moreover, under the legal standard adopted by our Court of Appeals, Plaintiff is not entitled to a temporary restraining order. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions."). The standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), now governs the issuance of preliminary injunctions. *See Real Truth About Obama, Inc. v. Fed.*

*Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), *cert. granted and judgment vacated,* 559 U.S. 1089 (2010). Under the *Winter* standard, Plaintiff must demonstrate "'[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Id.* at 346 (quoting *Winter*, 555 U.S. at 20). All four requirements must be satisfied. *Id.* Furthermore, to obtain injunctive relief, Plaintiff must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. *Id.*

Here, Plaintiff has not made a showing to demonstrate that any of the four factors weigh in his favor. His alleged facts indicate that the nurses and doctors have had appointments with him at the GCDC; thus, it appears that he has been provided some medical care such that his claim for deliberate indifference to a serious medical need is not likely to succeed on the merits. *See Goodman v. Johnson*, 524 F. App'x 887 (4th Cir. 2013) (in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment). Further, while Plaintiff alleges he suffers pain from his injuries that occurred before November 29, 2013, and he alleges he fears he "may" be attacked, he did not allege any specific facts to demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief as opposed to suggesting a possibility of irreparable harm. Also, to the extent Plaintiff may be seeking injunctive relief to be moved to a different pod or cell, this

Court should not interfere with prison officials' decision about in which pod or cell Plaintiff should be placed. *See McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"). Moreover, the balance of equities does not tip in favor of emergency relief without notice to Defendants, and the requested injunction is not in the public interest.

## Recommendation

Accordingly, it is recommended that the district court deny the Emergency Motion Pursuant to Rule 65(a) and (b) and Rule 35(a) [Doc. 9]. **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

February 18, 2014
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).