IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mitchell Sumpter, a/k/a Mitchell Lee Sumpter; | ) ) ) | C/A No. 8:14-106-JFA-JDA |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| | ) ) | *for partial disposition* |
| Georgetown County Detention Center; A. Lane Cribb, Sheriff of Georgetown County; Michael A. Schwartz, Chief Administrator; Southern Health Partners; Head Nurse Connie; Nurse Dorean; Dr. Reeves; Capt. Wineglass; ~~All Captains~~; ~~All Lieutenants~~; ~~All Sergeants~~; ~~All Corporals~~; ~~All Staff~~; Myrtle Beach Grand Strand Hospital; Doctor Davison, all in individual and official capacities, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Mitchell Sumpter ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42

U.S.C. § 1983.  Plaintiff is detained at the Georgetown County Detention Center ("GCDC"),

and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  Several Defendants—

GCDC, Southern Health Partners, Myrtle Beach Grand Strand Hospital, and Doctor

Davison—should be summarily dismissed from this action without service of process.

Background

Plaintiff alleges his constitutional rights have been violated during his detention at the

GCDC based on deliberate indifference to his serious medical needs, denial of access to the

courts, excessive use of force, and deliberate indifference to safety and health.[1] [Doc. 1 at

---

[1] In the Complaint, Plaintiff alleges many detailed factual allegations related to his prison conditions.  This Court does not set forth those facts in detail herein because service of process is authorized for Defendants A. Lane Cribb, Michael A. Schwartz, Head Nurse Connie, Nurse Dorean, Doctor Reeves, and Capt. Wineglass.  Thus, only the pertinent facts related to Defendants GCDC, Southern Health Partners, Myrtle Beach Grand Strand

3–5; Doc. 1-4 at 1–2; Doc. 1-12 at 5–7.]  It appears that Plaintiff brings his prison condition claims against the GCDC, A. Lane Cribb, Michael A. Schwartz, Southern Health Partners, Head Nurse Connie, Nurse Dorean, Doctor Reeves, and Capt. Wineglass.  *Id.*  The only allegations the Court can discern related to Southern Health Partners is that they are located in Chattanooga, Tennessee, and the medical practices provided by its staff have been unconstitutional.  [Doc. 1-12 at 3; Doc. 1 at 5.]  This Court takes judicial notice that Southern Health Partners holds itself out to be a provider of healthcare services to county and city correctional facilities.  *See* Southern Health Partners Homepage, http://southernhealthpartners.com/ (last visited April 7, 2014).

Plaintiff also brings a claim against the Myrtle Beach Grand Strand Hospital ("the hospital") and Doctor Davison ("Davison") based on an incident that occurred prior to his detention on or about November 29, 2013, at the hospital.  He alleges the following facts related to those Defendants.  On November 29, 2013, Plaintiff was severely beaten, robbed, and his child was taken from him. [Doc. 1 at 2.]  He was taken to the hospital where he received X-rays and placed on an IV.  *Id.*  Davison, who worked at the hospital, entered Plaintiff's room with police officers from Myrtle Beach and Georgetown County, and they were trying to identify him as they continued to ask him his name but he was not answering. [Doc. 1 at 2; Doc. 1-12 at 3, 5.]  Without notice, Davison with malice, deliberately, and roughly "rammed his finger into [Plaintiff's] rectum causing [him] to jump, causing immediate discomfort and pain."  *Id.*  Davison then said to the police officers, "Could you all identify him now?" [Doc. 1-12 at 5.]  Plaintiff alleges that based on Davison's actions he felt violated and sexually abused.  *Id.*

---

Hospital, and Doctor Davison are set forth herein.

Plaintiff seeks damages from all Defendants and injunctive relief to be removed from the detention center because it is a dangerous environment in order to be transferred to a facility with full medical care. [Doc. 1-12 at 8; Doc. 1 at 5.]

Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district

3

court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Southern Health Partners, the hospital, and the GCDC should be dismissed because Plaintiff fails to state a claim on which relief may be granted against them. None of them is a person subject to being sued pursuant to § 1983. It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a Section 1983 action must qualify as a "person." Inanimate objects such as buildings, facilities, and grounds cannot act under

4

color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Here, both the GCDC and the hospital are a department, group of buildings, or a facility. Southern Health Partners appears to be a business, with a Chattanooga, Tennessee, address, that provides health care services to correctional facilities. Of course, to the extent Plaintiff may be attempting to sue the staff of Southern Health Partners, the hospital, or GCDC, he still fails to state a cognizable claim because groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons). Additionally, if Plaintiff is suing these entities because they employed a person who committed misconduct, he still fails to state a cognizable claim because the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (a local government cannot be vicariously liable for its employees' actions); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability."). Thus, Southern Health Partners, the hospital, and the GCDC should be dismissed.

Moreover, Plaintiff's claim against Davison should be dismissed because Plaintiff fails to state a plausible claim on which relief may be granted against him.  With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001).  Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  Here, there is no plausible allegation that Davison acted under color of state law; he is alleged to be employed at the hospital.  Thus, he is a private party who should be dismissed from this action.  *See Valentine v. Richardson*, C/A No. 4:05-00485-HMH-TER, 2006 WL 2624007, at *2–3 (D.S.C. Sept. 12, 2006) (when detainee at the Greenville County Detention Center was taken to Greenville Hospital for treatment, the doctors and nurses at the Greenville Hospital System who provided treatment were deemed to be private parties not acting under color of law, and there was no evidence they conspired with state actors).

Further, even though this Court has original jurisdiction over Plaintiff's § 1983 claims against certain Defendants, there is no supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims against the hospital and Davison.  Even if Plaintiff alleges a state law malpractice or negligence claim against them, it is not so related to the

prison condition claims that arose during Plaintiff's detention at the GCDC that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). The facts related to whether Defendants A. Lane Cribb, Michael A. Schwartz, Head Nurse Connie, Nurse Dorean, Doctor Reeves, and Capt. Wineglass acted with deliberate indifference to Plaintiff's serious medical needs, denied his access to the courts, used excessive force against him, or acted with deliberate indifference to his safety and health will relate to incidents that occurred at the detention center after the hospital visit. Thus, a malpractice claim against the hospital and Davison will not arise from a common nucleus of operative fact with the claims related to Plaintiff's conditions at the detention center. *Cf. Booker v. South Carolina Dep't of Corr.*, C/A No. 8:12-1957-MCL-JDA, 2012 WL 5430950, at *5 (D.S.C. Sept. 12, 2012), *adopted*, 2012 WL 5430547 (D.S.C. Nov. 7, 2012). Accordingly, the hospital and Davison should be dismissed from this action.

### Recommendation

It is recommended that the District Court dismiss Defendants GCDC, Southern Health Partners, Myrtle Beach Grand Strand Hospital, and Doctor Davison from this action *without prejudice* and *without issuance and service of process*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). This action remains pending, and service of process is authorized for Defendants A. Lane Cribb, Michael A. Schwartz, Head Nurse Connie, Nurse

Dorean, Doctor Reeves, and Capt. Wineglass.  **Plaintiff's attention is directed to the important notice on the next page.**

                                                 s/ Jacquelyn D. Austin
                                                 United States Magistrate Judge

April 8, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).