UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mitchell Sumpter, | ) | C/A No.  8:14-106-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| Georgetown County Detention Center, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    The *pro se* plaintiff, Mitchell Sumpter, is a detainee with the Georgetown County Detention Center (GCDC).  He brings this action pursuant to 42 U.S.C. § 1983 contending that the defendants were deliberately indifferent to his medical needs and safety, denied him access to the courts, and used excessive force in violation of his constitutional rights.

    The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this court should dismiss several parties to this action.  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

    The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on April 8, 2014.  However, the plaintiff

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

did not file objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge correctly opines that defendants Southern Health Partners, Myrtle Beach Grand Strand Hospital, and GCDC should be dismissed because none of them are persons subject to being sued under § 1983. In addition, defendant Dr. Davison should be dismissed because there is no plausible allegation that Davison acted under color of state law, rather, Davison acted as a private party.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds that the Magistrate Judge's recommendation is proper and incorporates it herein by reference. Accordingly, defendants Southern Health Partners, Myrtle Beach Grand Strand Hospital, GCDC, and Dr. Davison are dismissed as party defendants to this action.

As the Magistrate Judge has authorized service of process on the remaining defendants, this matter shall be returned to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

April 30, 2014
Columbia, South Carolina

2