IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mitchell Sumpter, ) | C/A No. 8:14-cv-00106-JFA-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| A. Lane Cribb, Sheriff of ) | |
| Georgetown County, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Mitchell Sumpter ("Plaintiff"), proceeding *pro se*, filed this civil action on January 16, 2014, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. [Doc. 1.] On February 14, 2014, Plaintiff filed an Emergency Motion for Injunctions, Restraining Order and Physical Examination. [Doc. 9.] The undersigned recommended that the motion be denied [Doc. 12] and the recommendation was adopted by the district judge on March 18, 2014 [Doc. 27.] On June 30, 2014, Defendants filed a motion for summary judgment. [Doc. 58.] On July 17, 2014, Plaintiff filed the instant motion for emergency hearing which the Court has construed as a motion for a temporary restraining order. [Docs. 67, 68.][1] Defendants A Lane Cribb, Michael A Schwartz, and Capt Wineglass filed a response opposing Plaintiff's motion for emergency hearing on June 23, 2014. [Doc. 77.] Defendants Nurse Connie, Nurse Dorean, and Doctor Reeves filed a response opposing Plaintiff's motion on June 24, 2014 [Doc. 79]. Plaintiff's motion is now ripe for consideration.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Motion for TRO and submit findings and recommendations to the district judge.

Plaintiff's hand-written motion for Emergency Hearing seems to request that the Court order certain medical care that he claims he has been denied due to his lack of funds. [Doc. 67 at 1–2.] Plaintiff alleges he is "now handicap[ped] and deform[ed]" as a result of Defendants failure to address his serious medical need. [*Id*. at 3.]  Specifically, Plaintiff requests an emergency hearing for this Court to address "the excruciating pains [and] injuries in violation of Plaintiff's constitutional rights." [*Id*. at 4.]

Plaintiff's Motion should be denied.  Under the legal standard adopted by our Court of Appeals, Plaintiff is not entitled to a temporary restraining order or preliminary injunction. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions.").  The standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), now governs the issuance of preliminary injunctions.  *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), *cert. granted and judgment vacated,* 559 U.S. 1089 (2010).  Under the *Winter* standard, Plaintiff must demonstrate "'[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Id.* at 346 (quoting *Winter*, 555 U.S. at 20).  All four requirements must be satisfied.  *Id.* Furthermore, to obtain injunctive relief, Plaintiff must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an

extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. *Id.*

Here, Plaintiff has not made a showing to demonstrate that any of the four factors weigh in his favor. Facts alleged in Plaintiff's complaint indicate that Plaintiff has been provided some medical care, such that his claim for deliberate indifference to a serious medical need is not likely to succeed on the merits. *See Goodman v. Johnson*, 524 F. App'x 887 (4th Cir. 2013) (in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment). Additionally, medical records attached to Defendants' motion for summary judgment show that Plaintiff has received medical care. [*See* Doc. 58.] Plaintiff also fails to show that he will succeed on the merits because he gives no specific facts that make a showing of deliberate indifference to his medical needs. Moreover, Plaintiff has failed to allege any specific facts to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief. Plaintiff merely speculates that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary [and] wanton infliction of pain if not treated," rather than provide the Court with specific information as to how he is likely to suffer irreparable harm.

## Recommendation

Accordingly, it is recommended that the district court deny Plaintiff's Motion for temporary restraining order/emergency hearing.  [Doc. 67.]  **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin<br>
United States Magistrate Judge

July 31, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).