IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mitchell Sumpter, | ) | C/A No. 8:14-106-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| A. Lane Cribb, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    The *pro se* plaintiff, Mitchell Sumpter, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights.

    Now before the court is plaintiff's motion for a temporary restraining order wherein it appears the plaintiff seeks this court's order for certain medical care that plaintiff claims he has been denied due to lack of funds.

    The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the plaintiff's motion for a temporary restraining order should be denied. The Report sets forth in detail the relevant facts and standards of law on

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation which was entered on the docket on July 31, 2014. The plaintiff filed timely objections which this court has reviewed *de novo* and will address herein.

As the Magistrate Judge notes in her Report, to obtain a temporary restraining order (TRO) or preliminary injunction, plaintiff must show that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). The Magistrate Judge recommends denial of the plaintiff's motion because the plaintiff has not shown that the *Winter* factors weigh in his favor. Moreover, the Magistrate Judge notes that the plaintiff has been provided some medical care and that he does not allege any specific facts to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief.

Plaintiff objects to the Magistrate Judge's recommendation that this court deny his motion for a TRO. As an initial matter, plaintiff contends that his reply to the defendants' response in opposition to his original motion for a TRO (ECF No. 67) was never considered by the Magistrate Judge. Plaintiff argues that the Report and Recommendation was filed and mailed on July 31, 2014 and that his reply was not mailed until August 4, 2014—after the Report was entered on the docket. Plaintiff contends that he entitled to have his reply (ECF No. 84) reviewed by the Magistrate Judge.

Although replies to motions are discouraged in this district (*see* Local Rule 7.7), the court will respectfully decline to adopt the Report and Recommendation at this time, until the Magistrate Judge has had an opportunity to review plaintiff's reply.

The Clerk is directed to refer this action back to the Magistrate Judge for further review.

IT IS SO ORDERED.

*/s/ Joseph F. Anderson, Jr.*

September 8, 2014　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　United States District Judge