IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mitchell Sumpter,<br>*a/k/a Mitchell Lee Truman Sumpter,*<br>*a/k/a Mitchell L. Sumpter,*<br>*a/k/a Mitchell Lee Sumpter*,<br><br>     Plaintiff,<br><br>          v.<br><br>A. Lane Cribb, Sheriff of Georgetown County; Michael A. Schwartz, Administrator; Head Nurse Connie; Nurse Dorean; Dr. Reeves; Capt. Wineglass, *all in their individual and official capacities*,<br><br>     Defendants. | Case No. 8:14-cv-00106-JFA-JDA<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

Mitchell Sumpter ("Plaintiff"), proceeding pro se, filed this civil action on January 7, 2014,[1] pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. [Doc. 1.] On February 14, 2014, Plaintiff filed an Emergency Motion for Injunctions, Restraining Order and Physical Examination. [Doc. 9.] The undersigned recommended that the motion be denied [Doc. 12] and the recommendation was adopted by the district judge on March 18, 2014 [Doc. 27]. On June 30, 2014, Defendants Nurse Connie, Nurse Dorean, and Doctor Reeves filed a motion for summary judgment. [Doc. 58.] On July 17, 2014, Plaintiff filed the instant motion for emergency hearing which the Court has construed as

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270, (1988). In this case, construing the filing date in the light most favorable to Plaintiff, this action was filed on January 7, 2014. [Doc. 1.]

a motion for a temporary restraining order. [Docs. 67, 68.][2] Defendants A. Lane Cribb, Michael A. Schwartz, and Capt. Wineglass filed a response opposing Plaintiff's motion for emergency hearing on June 23, 2014. [Doc. 77.] Defendants Nurse Connie, Nurse Dorean, and Doctor Reeves filed a response opposing Plaintiff's motion on June 24, 2014. [Doc. 79.] Plaintiff filed a reply on August 7, 2014.[3] [Doc. 84.] Plaintiff's motion is now ripe for consideration.

## BACKGROUND

Plaintiff is a pretrial detainee at the Georgetown County Detention Center. [Doc. 1 at ¶ 2.] Plaintiff contends that certain officers and staff at the Georgetown County Detention Center and certain third party medical providers have violated his constitutional rights by engaging in cruel and unusual punishment, deliberate indifference, and negligence with respect to his serious medical needs. [Doc.67.] Specifically, Plaintiff avers that he has been denied proper medical care for over seven months, is in extreme pain in his back, from the left-side of his neck to his left shoulder, in his right knee, from his shoulder to his elbow, in his right pinky finger and right thumb, and his left ring finger and middle finger. [Doc 67-1 at ¶¶ 6–7; Doc. 84-1 at ¶¶ 6–7[4].] Plaintiff avers his injuries cause

---

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Motion for Temporary restraining order and submit findings and recommendations to the district judge.

[3] The undersigned previously filed a Report and Recommendation recommending that Plaintiff's motion for temporary restraining order/emergency hearing be denied. [Doc. 82.] That Report and Recommendation was filed before Plaintiff submitted his reply because motions for temporary restraining orders are generally handled expeditiously and Local Rule 7.07 provides that replies are discouraged. However, in his objections, Plaintiff contended that he was entitled to have his reply reviewed by the undersigned. [Doc. 85.] Thereafter, the District Judge referred this motion back to the undersigned to consider Plaintiff's reply. [Doc. 94.]

[4] Plaintiff's Affidavit in support of his motion for temporary restraining order [Doc. 67] is identical to the Affidavit attached to his Reply. [Doc. 84.]

him to walk leaning to his right side. [*Id*. at ¶ 9.] Plaintiff contends that he was seen on July 9, 2014 by Dr. Reeves who informed him that he will not receive any treatment for his injuries because he does not have funds to pay. [*Id*. at ¶10.] Plaintiff seeks to have the Court order certain medical care that he claims he has been denied due to his lack of funds. [Doc. 67 at 1–2.] Plaintiff alleges he is "now handicap[ped] and deform[ed]" as a result of Defendants' failure to address his serious medical needs. [*Id*. at 3.] Plaintiff also requests an emergency hearing for this Court to address "the excruciating pains [and] injuries in violation of Plaintiff's constitutional rights." [*Id*. at 4.]

Defendants argue, on the other hand, that Plaintiff is not entitled to a temporary restraining order and has failed to establish a right to this extraordinary remedy. [Doc. 79 at 2.] Defendants contend the fact that Plaintiff received repeated medical care[5] from Defendants for his injuries belies his argument that they were deliberately indifferent. [*Id*. at 3.] Upon review and consideration of the evidence, the Court agrees that Plaintiff's motion should be denied.

## **DISCUSSION**

Under the legal standard adopted by our Court of Appeals, the standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), Plaintiff is not entitled to a temporary restraining order or preliminary injunction. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010) (per curiam) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary

---

[5]Defendants rely on the Affidavit of Constance Reichard, LPN-MTA [Doc. 58-1] and Plaintiff's medical records [Doc. 58-2] in support of their contention that Plaintiff received repeated medical care.

3

injunctions."). Under the *Winter* standard, Plaintiff must demonstrate "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter, 555 U.S. at 20). All four requirements must be satisfied. *Id.* Further, to obtain injunctive relief, Plaintiff must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. *Id.* Here, Plaintiff has not made a showing to demonstrate that any of the four factors weigh in his favor.

Facts alleged in Plaintiff's Complaint indicate that Plaintiff has been provided some medical care, such that his claim for deliberate indifference to a serious medical need is not likely to succeed on the merits. *See Goodman v. Johnson*, 524 F. App'x 887 (4th Cir. 2013) (stating that in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment). Additionally, medical records attached to Defendants' motion for summary judgment show that Plaintiff has received medical care. [*See* Doc. 58-2.] Although Plaintiff alleges that Defendants demonstrated deliberate indifference by refusing to treat the fracture in his thumb, the evidence has not established the nursing staff ignored his complaints. To the contrary, medical staff arranged for Plaintiff to have an x-ray of his thumb which indicated a fracture; however, Plaintiff was already on hydrocodone for pain and was instructed the fracture would heal in time. [Doc. 58-1 at ¶14.] Medical records also

4

establish that Plaintiff was seen by medical staff on numerous occasions and that, after repeated complaints, they considered referring him to an orthopedist as he requested. [*Id.*; Doc. 58-2 at 3, 20.] Unfortunately, two orthopedists refused to take him as a patient because he was an inmate and the other required a $400 payment prior to seeing him. [Doc. 58-1 ¶ 14.] Defendants contend Plaintiff received medical care in response to each of his complaints— he just did not like the care he was provided, usually wanting more and stronger drugs like hydrocodone. [*Id.* at 19.]

The law is clear that to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). Plaintiff has failed to make such a showing. Moreover, a difference of opinion regarding the diagnosis and treatment provided by the detention center does not rise to a constitutional violation. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim."); *see also Randall v. Wyrick*, 642 F.2d 304 (8th Cir. 1981) (finding that a prison's refusal to allow a prisoner access to a chiropractor to relieve pain did not constitute deliberate indifference, but rather was merely a difference of opinion as to the most desirable treatment). Accordingly, Plaintiff is not likely to succeed on the merits.

Moreover, Plaintiff has failed to allege any specific facts to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief. Plaintiff merely speculates that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary [and] wanton infliction of pain if not treated." [Doc. 67 at 3.] Such

5

speculation is not sufficient to establish irreparable harm. *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted) (The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent."). Plaintiff has failed to provide the Court with specific information as to how he is likely to suffer irreparable harm. Accordingly, the Plaintiff cannot establish that he is likely to suffer irreparable harm.[6]

## Recommendation

Based on the foregoing, it is recommended that the district court deny Plaintiff's motion for temporary restraining order and for emergency hearing. [Doc. 67.]

**Plaintiff's attention is directed to the important notice on the next page.**

                                                        <u>s/Jacquelyn D. Austin</u>
                                                        United States Magistrate Judge

September 10, 2014
Greenville, South Carolina

---

[6] The Court declines to address prongs 3 and 4 of *the Winter* standard as Plaintiff has not shown he can establish prongs 1 and 2.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).