IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mitchell Sumpter,              ) | C/A No. 8:14-106-JFA-JDA |
|                                )| |
|            Plaintiff,          )| |
|                                )| |
| vs.                            )| ORDER |
|                                )| |
| A. Lane Cribb, et al.,         )| |
|                                )| |
|            Defendants.         )| |
| _____  )| |

The *pro se* plaintiff, Mitchell Sumpter, is pretrial detainee house at the Georgetown County Detention Center (GCDC). He brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights in connection with his medical treatment at the Georgetown County Detention Center.[1]

Now before the court are plaintiff's motions for a temporary restraining order (ECF Nos. 67, 68) wherein it appears the plaintiff seeks this court's order for certain medical care that plaintiff claims he has been denied.

The Magistrate Judge assigned to this action[2] has prepared a supplemental Report and

---

[1] Defendants Georgetown County Detention Center (GCDC), Southern Health Partners, Myrtle Beach Grand Strand Hospital, and Doctor Davison were dismissed as a parties by order of this court filed April 30, 2014 (ECF No. 40). On November 10, 2014, defendants Nurse Connie, Nurse Dorean, and Dr. Reeves were granted summary judgment.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those
(continued...)

1

Recommendation (ECF No. 96)[3] and opines that the plaintiff's motion for an emergency hearing and temporary restraining order should be denied. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation which was entered on the docket on September 10, 2014. The plaintiff filed timely objections which the court has considered *de novo* and which will be addressed herein.

As the Magistrate Judge notes in her original and supplemental Reports, to obtain a temporary restraining order (TRO) or preliminary injunction, plaintiff must show that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). The Magistrate Judge recommends denial of the plaintiff's motion because the plaintiff has not shown that the *Winter* factors weigh in his favor. Moreover, the Magistrate Judge notes that the plaintiff has been provided some medical care and that he does not allege any specific

---

[2](...continued)
portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[3] After the Magistrate Judge's original Report and Recommendation was filed, the plaintiff filed a reply to his initial objections to the Report. Although replies are generally discouraged by the Local Rules of this District, and although the Magistrate Judge properly acted expeditiously upon the motion, the undersigned referred the motion back to the Magistrate Judge for consideration of the plaintiff's reply.

facts to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief.

Plaintiff objects to the entire Report and Recommendation. He contends that his answers to the *Winter* standard were addressed to the best of his understanding in his motion for a preliminary injunction and that he "pin points" the factors in his present objections.

First, the plaintiff acknowledges that he was seen by medical personnel, but that being "seen by" and "treated by" are two different matters. He argues that his prescription for Hydrocodone, x-rays, and orders to be seen by an orthopedist support his claim as to the seriousness of his injuries. He then re-alleges that the medical staff have been deliberately indifferent to his serious medical needs and that he is now deformed for life and still in pain. He also seeks a hearing on the motion for preliminary injunction to dispose of these issues.

In her supplemental Report, the Magistrate Judge concludes that the plaintiff has failed to make a showing—even considering his reply to the initial Report— that any of the four *Winter* factors weigh in his favor. In her analysis, the Magistrate Judge notes that a difference of opinion regarding the diagnosis and treatment provided by the detention center does not rise to a constitutional violation. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Thus, plaintiff is not likely to succeed on the merits of his underlying complaint. In addition, the Magistrate Judge opines that the plaintiff has failed to make a showing that his treatment was "so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990).

3

The Magistrate Judge also concludes that the plaintiff has failed to allege any specific facts to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief. This court agrees with the Magistrate Judge that the plaintiff's claims that failure to treat his condition could result in further significant injury or the unnecessary and wanton infliction of pain are speculative, and thus insufficient to establish irreparable harm. The record reveals that plaintiff has received repeated medical care including Hydrocodone for pain, and an x-ray of his fractured thumb. As the Magistrate Judge notes, unfortunately two orthopedists refused to take the plaintiff as a patient because he was an inmate and the other required a $400 payment prior to seeing him. However, it is clear that the defendants did not ignore his complaints and that his medical care was adequate.

After a careful review of the record, the applicable law, the supplemental Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation is proper and it is adopted and incorporated herein by reference.

Accordingly, plaintiff's emergency motions for a hearing and injunction (ECF Nos. 67 and 68) are denied. The Clerk is directed to return this file back to the Magistrate Judge.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

November 10, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge